UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN BALDWIN,

                        Plaintiff,

                   v.

NEW YORK STATE, STATE UNIVERSITY OF
  NEW YORK, COLLEGE AT BUFFALO,

                        Defendant.

**DECISION AND ORDER**
13-CV-485-HBS
(Consent)

---

On August 28, 2015, the Court issued a Decision and Order granting defendant's motion for summary judgment.  (Dkt. No. 38.)  Plaintiff now has filed a motion for reconsideration, claiming that the Court overlooked various factual disputes that require a trial.  (Dkt. No. 40.)  Defendant opposes the motion, arguing that plaintiff simply disagrees with the Court's decision and has not presented any new evidence or clear error.  (Dkt. No. 42.)

Upon careful review of the parties' papers associated with the motion, the Court is content to leave its prior Decision and Order undisturbed.  The Court writes briefly only to supplement the record with a comment about a misrepresentation from plaintiff's counsel that the Court had hoped to ignore.  In her opposition to the summary judgment motion and now in the motion for reconsideration, plaintiff cited the following quote from a representative of

defendant as explicit proof of discrimination: **"if you file a discrimination complaint . . . the outcome of the investigation into your complaint may impact on the ultimate decision regarding your appointment."**  (Dkt. No. 40-1 at 10 (boldface in original).)  Plaintiff's counsel then admonished the Court for overlooking such supposedly flagrant discrimination: "It is *inconceivable* that the Court could be presented with such direct, probative evidence of discrimination and still find against Plaintiff."  (*Id.* (italics in original).)

Putting aside the obvious response to counsel's contention,[1] the Court finds counsel's stripping of context and use of ellipses unfortunate.  Here is one page from plaintiff's motion papers that puts the above quote in context:

> Dear Dr. Baldwin:
>
> In the written response you submitted to Provost Ponton on November 28, 2011, you indicated on page 11 that you feel that your department Chair, Dr. Scott Roberts, is discriminating against you due to your gender, sexual orientation and is retaliating against you for reports you made of student complaints against him.
>
> Please be advised that if you wish to file a complaint of discrimination, you should follow the Buffalo State College Complaint Procedures for Review of Allegations of Unlawful Discrimination through the Office of Equity and Diversity.   I am attaching a copy of the Complaint Procedures, a handout of Frequently Asked Questions about Filing a Complaint, and a Complaint Form.  You can also access this information at the Equity

---

[1]"You keep using that word.  I do not think it means what you think it means."  *The Princess Bride* (1987), *available at* http://www.imdb.com/title/tt0093779/quotes (last visited Nov. 2, 2015).

> and Diversity web page: www.buffalostate.edu/offices/equity.
> Should you file a complaint with Equity and Diversity, that matter will be separate from your current review for Continuing Appointment and Promotion.

(Dkt. No. 34-2 at 482.)  Here is another page from plaintiff's motion papers that adds context and contains the full quote:

> Sue:
>
> In response to your December 6, 2011 message to me, President Podolefsky, Provost Ponton and Dr. Johnson, this is to clarify the statements I made in my December 5 letter to you.
>
> The College must continue your ongoing review process for continuing appointment and promotion in order to meet contractual notification deadlines.  However, if you file a discrimination complaint through our internal complaint process in the Office of Equity and Diversity, the outcome of the investigation into your complaint may impact on the ultimate decision regarding your appointment.

(*Id.* at 484.)  The full context makes plain that defendant gave plaintiff procedural assistance with respect to filing a discrimination complaint.  The full context also clarifies that defendant felt obligated to meet contractual notification deadlines for plaintiff's tenure review.  In defendant's view, the tenure review and any internal investigation of discrimination were separate and parallel events unless a finding of discrimination required repeating the tenure review.  (*See also* Dkt. No. 25-3 at 11.)  That is what the phrase "may impact" meant—defendant wanted to reassure plaintiff that moving forward with tenure review did not mean that it would ignore any finding of discrimination later.  The use of the word

3

"however" emphasized this meaning, creating a contrast with the decision to move forward with tenure review.  Plaintiff may have disagreed with the separate and parallel treatment, but defendant's explanation of its process comes nowhere near the discriminatory threat that counsel has identified in boldface.

For the reasons stated in its prior Decision and Order and the reasons above, the Court denies plaintiff's motion for reconsideration (Dkt. No. 40).

SO ORDERED.

                                        __/s Hugh B. Scott_____
                                        HONORABLE HUGH B. SCOTT
                                        UNITED STATES MAGISTRATE JUDGE

DATED: November 2, 2015